Laura H. Howard, Plaintiff in Error, v. Julia Wagner et al., Defendants in Error.

Gen. No. 15,250.

EVIDENCE—*when cross-examination improper.* It is error to permit cross-examination as to a transaction which was not shown to have been authorized or binding upon the party against whom it was elicited.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed February 14, 1911.

Statement by the Court. Plaintiff in error brought an action in forcible detainer in the Municipal Court

of Chicago against defendants in error, to recover possession of certain premises. A trial was had before a jury, which found in favor of defendants.

Defendants were in possession of the property under a contract of purchase from the grantor of plaintiff. Certain payments, due under the contract, not having been made, a demand in writing for possession was served upon defendants, and this demand was followed by the suit.

Plaintiff made her case, and clearly established her right to recover, and no evidence was offered on behalf of the defense. The only attempt made by the defendants in error to establish any defense consisted in developing a theory upon cross-examination of one Roach, a witness for the plaintiff, who, upon cross-examination, testified to an agreement between himself and the defendants in error relating to a purchase and sale of an interest in a houseboat,—by the terms of which Roach was to sell the houseboat, and, after deducting the amount due himself, pay the balance upon the contract for the real estate in question, and he further stated that the houseboat had not been sold. He further testified, also upon cross-examination, that, on the day the cause was called for trial, one of the defendants offered to pay him $20 on account of the real estate contract relating to the premises in question, which payment was refused unless the defendants should pay the court costs, etc.

To all this matter, thus brought out in cross-examination, plaintiff in error objected that it was not anywhere shown that Roach had any authority from plaintiff to make the houseboat contract, or in any manner bind her in relation thereto. In fact there was no evidence tending to show that she knew anything about it.

ROBERT F. KOLB, for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff having made her case, and there being nothing in the record to show any authority on the part of Roach to make for plaintiff any agreement relating to the houseboat, nor, indeed, that he represented her in any manner, the court erred in permitting Roach's cross-examination concerning the houseboat, and it should have given the requested peremptory instruction to find the defendants guilty.

Judgment reversed and cause remanded for a new trial.

*Reversed and remanded.*